**WO** BL

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gary Donald Thompkins, ) | No. CV 05-2265-PHX-NVW (JRI) |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| Joseph Arpaio, et al., ) | |
| Defendants. ) | |

Plaintiff Gary Donald Thompkins, currently confined in the Maricopa County Durango Jail in Phoenix, Arizona, filed a *pro se* Complaint pursuant to 42 U.S.C. § 1983.[1] This action is one of more than one thousand lawsuits filed in this district since September 2004 alleging that the overcrowded conditions in the Maricopa County jail system have resulted in a variety of constitutional violations. The Court will order Defendants Arpaio and Peterson to answer.

**A.      Application to Proceed *In Forma Pauperis* & Filing Fee**

Plaintiff's request to proceed *in forma pauperis* will be granted. 28 U.S.C. § 1915(a). Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is required to pay the statutory filing fee of $250.00 for this action. No initial partial filing fee will be assessed by this Order. 28 U.S.C.

---

[1] Many inmates apparently believe that they will receive an immediate payout from a fund established in Hart v. Hill, No. CV 77-0479-PHX-EHC (MS) (D. Ariz.). No such fund exists. The inmates in Hart asked for injunctive relief and not monetary damages. The Court at this time expresses no opinion on whether Plaintiff's lawsuit may result in an award of damages.

**TERMPSREF**

1  § 1915(b)(1). By separate order, the Court will direct the appropriate agency to collect
2  monthly payments of 20 percent of the preceding month's income credited to Plaintiff's trust
3  account. These payments will be forwarded by the appropriate agency to the Clerk of Court
4  each time the amount in Plaintiff's account exceeds $10.00, until the filing fee is paid in full.
5  28 U.S.C. § 1915(b)(2).

6  Plaintiff should take notice that if he is released before the filing fee is paid in full, he
7  must pay the remaining unpaid amount of the filing fee within 120 days of the date of his
8  release. If Plaintiff fails to pay the remainder of the filing fee within 120 days of the date of
9  his release, the action will be dismissed, unless Plaintiff shows good cause, in writing, why
10 he is unable to pay the remainder of the filing fee.

11 **B.     Statutory Screening of Prisoner Complaints**

12 The Court is required to screen complaints brought by prisoners seeking relief against
13 a governmental entity or officer or employee of a governmental entity. 28 U.S.C.
14 § 1915A(a). The Court must dismiss a complaint or portion thereof if the Plaintiff has raised
15 claims that are legally "frivolous or malicious," that fail to state a claim upon which relief
16 may be granted, or that seek monetary relief from a defendant who is immune from such
17 relief. 28 U.S.C. § 1915A(b)(1),(2). The Court also must dismiss a complaint or portion
18 thereof if Plaintiff fails to exhaust any administrative remedy available to him. 42 U.S.C.
19 § 1997e(a).

20 **C.     Complaint**

21 Plaintiff names as Defendants (1) Joseph Arpaio, Sheriff of Maricopa County,
22 (2) Captain Peterson, Jail Commander of Maricopa County Durango Jail, and (3) unknown
23 detention officers. Plaintiff alleges that his constitutional rights were violated by
24 (1) overcrowding in the jails, resulting in hazardous conditions and a threat to his safety,
25 (2) exposure to airborne asbestos particles and lead paint, resulting in nausea, coughing, and
26 headaches, (3) unsanitary conditions, and (4) the failure to receive a medical examination
27 upon admission to evaluate him and his fellow inmates for contagious diseases. Plaintiff
28 seeks monetary and other relief.

TERMPSREF                                     - 2 -

1 **D.    Failure to State a Claim.**

2 *1.    Hart v. Hill*

3    Throughout his Complaint, Plaintiff refers to Hart v. Hill, No. CIV 77-0479-PHX-EHC (D. Ariz.), claiming that the conditions of his confinement violated an Amended Judgment in that action. Jurisdiction to enforce the judgment is retained by the court which entered it. Jeff D. v. Kempthorne, 365 F.3d 844, 853 (9th Cir. 2004). A civil rights action is not the proper means by which to enforce the decree. Cagle v. Sutherland, 334 F.3d 980, 986 (11th Cir. 2003); Klein v. Zavaras, 80 F.3d 432, 435 (10th Cir. 1996); DeGidio v. Pung, 920 F.2d 525, 534 (8th Cir.1990); Green v. McKaskle, 788 F.2d 1116, 1122-23 (5th Cir. 1986). Standing alone, remedial orders cannot serve as a substantive basis for a § 1983 claim for damages because such orders do not create "rights, privileges, or immunities secured by the Constitution and laws." Green, 788 F.3d at 1123-24. Remedial decrees are the means by which unconstitutional conditions are corrected but they do not create or enlarge constitutional rights. Id. at 1123. To the extent Plaintiff seeks to enforce Hart v. Hill, his claim is not properly brought in this action.

16 *2.    Deliberate Indifference*

17    "To demonstrate that a prison official was deliberately indifferent to an inmate's serious mental health needs, the prisoner must show that 'the official [knew] of and disregard[ed] an excessive risk to inmate health.'" Austin v. Terhune, 367 F.3d 1167, 1172 (9th Cir. 2004) (citing to Farmer v. Brennan, 511 U.S. 825, 838 (1994)). "In order to know of the excessive risk, it is not enough that the person merely 'be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, [ ] he must also draw that inference.' If a person should have been aware of the risk, but was not, then the person has not violated the Eighth Amendment, no matter how severe the risk." Gibson v. County of Washoe, Nev., 290 F.3d 1175, 1188 (9th Cir. 2002).

26    Plaintiff alleges that his constitutional rights were violated because he has not undergone a physical examination, which the medical staff is required to perform on all incoming inmates. However, Plaintiff has not demonstrated that he has a serious medical

1 need of which the Defendants were aware and ignored or refused to treat.  Plaintiff does not
2 have a constitutional right to a pre-admission physical examination.  Accordingly, this Count
3 will be dismissed without prejudice.

4 **E.     Claims For Which An Answer Will be Required.**

5     At this early stage, Plaintiff sufficiently alleges that his constitutional rights were
6 violated by (1) overcrowding, (2) exposure to airborne asbestos particles and lead paint, and
7 (3) unsanitary conditions.  Defendants Arpaio and Peterson will be ordered to answer these
8 Counts.

9     Plaintiff names as defendants "unknown detention officers."  Generally, the use of
10 anonymous type appellations to identify defendants is not favored.  Rule 10(a) of the Federal
11 Rules of Civil Procedure requires the plaintiff to include the names of the parties in the
12 action.  As a practical matter, it is impossible in most instances for the United States Marshal
13 or his designee to serve a summons and complaint or amended complaint upon an
14 anonymous defendant.

15     The Ninth Circuit has held that where identity is unknown prior to the filing of a
16 complaint, the plaintiff should be given an opportunity through discovery to identify the
17 unknown defendants, unless it is clear that discovery would not uncover the identities, or that
18 the complaint would be dismissed on other grounds.  <u>Wakefield v. Thompson</u>, 177 F.3d
19 1160, 1163 (9th Cir. 1999).  Plaintiff may use the discovery processes to obtain the names
20 of the persons whom he believes violated his constitutional rights.  If Plaintiff discovers the
21 true identity of these fictitious parties through the discovery process, or otherwise, he may
22 seek leave of the Court to amend his complaint to name the individuals in place of "unknown
23 detention officers."

24 **F.     Warning of Possible Dismissal Pursuant to Rule 41.**

25     Plaintiff should take notice that if he fails to timely comply with every provision of
26 this Order, or any order entered in this matter, this action will be dismissed pursuant to Rule
27 41(b) of the Federal Rules of Civil Procedure.  See <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1260-
28

TERMPSREF

1  61 (9th Cir. 1992) (district court may dismiss action for failure to comply with any order of
2  the Court).

3  **IT IS THEREFORE ORDERED that:**

4  (1)  Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. # 1) is granted
5  pursuant to 28 U.S.C. § 1915(a)(1).

6  (2)  Plaintiff is obligated to pay the statutory filing fee of $250.00 for this action.
7  Plaintiff is assessed no initial partial filing fee.  All fees shall be collected and paid in
8  accordance with this Court's Order to the appropriate government agency filed concurrently
9  herewith.

10  (3) Count VI is dismissed without prejudice.

11  (4) Defendants Arpaio and Peterson will be required to answer Counts I, II, and III.

12  (5)  The Clerk of Court shall send Plaintiff a service packet including the Complaint
13  (Doc. #1), this Order, and both summons and request for waiver forms for Defendants Arpaio
14  and Peterson.

15  (6)  Plaintiff shall complete and return the service packet to the Clerk of Court within
16  20 days of the date of filing of this Order.  The United States Marshal will not provide
17  service of process if Plaintiff fails to comply with this Order.

18  (7)  If Plaintiff does not either obtain a waiver of service of the summons or complete
19  service of the Summons and Complaint on the Defendant within 120 days of the filing of the
20  complaint or within 60 days of the filing of this Order, whichever is later, the action may be
21  dismissed as to each Defendant not served pursuant to Rule 4(m) of the Federal Rules of
22  Civil Procedure and Local Rule of Civil Procedure 16.2(b)(2)(B)(i).

23  (8)  The United States Marshal shall retain the Summons, a copy of the Complaint,
24  and a copy of this Order for future use.

25  (9) The United States Marshal shall notify Defendants of the commencement of this
26  action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal
27  Rules of Civil Procedure.  The notice to Defendants shall include a copy of this Order.  The
28  Marshal shall file waivers of service of the summons or requests for waivers that were

returned as undeliverable as soon as they are received. If a waiver of service of summons is not returned by a Defendant within thirty days from the date the request for waiver was sent by the Marshal, the Marshal shall:

(a) Personally serve copies of the Summons, Complaint, and this Order upon the Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure;

(b) Within 10 days after personal service is effected, file the return of service for the Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon the Defendant. The costs of service shall be enumerated on the return of service form (USM-285) and shall include the costs incurred by the Marshal for photocopying additional copies of the Summons, Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required. Costs of service will be taxed against the personally served defendant pursuant to Rule 4(d)(2) and (5) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

(10) **A Defendant who agrees to waive service of the Summons and Complaint shall return the signed waiver forms to the United States Marshal, not the Plaintiff.**

(11) Defendant shall answer the Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(12) Any answer or responsive pleading shall state the specific Defendant by name on whose behalf it is filed. The Court may strike any answer, responsive pleading, or other motion or paper that does not identify the specific Defendant by name on whose behalf it is filed.

(13) Plaintiff shall serve upon Defendant, or if appearance has been entered by counsel, upon counsel, a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original document and copy, to be filed with the Clerk of the Court, a certificate stating the date a true and correct copy of the pleading or document was mailed to Defendant or counsel. Any paper received by a

1  District Court Judge or Magistrate Judge which has not been filed with the Clerk of Court
2  may be disregarded by the Court.

3  (14) At all times during the pendency of this action, Plaintiff shall immediately advise
4  the Court and the United States Marshal of any change of address and its effective date.
5  Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS." The notice shall
6  contain only information pertaining to the change of address and its effective date. Plaintiff
7  shall serve a copy of the notice on all opposing parties. The notice shall not include any
8  motions for any other relief. Failure to file a Notice of Change of Address may result in the
9  dismissal of the action for failure to prosecute pursuant to Rule 41(b) of the Federal Rules
10 of Civil Procedure.

11 (15) A clear, legible copy of every pleading or other document filed shall accompany
12 each original pleading or other document filed with the Clerk for use by the District Judge
13 or Magistrate Judge to whom the case is assigned. Failure to comply with this requirement
14 may result in the pleading or document being stricken without further notice to Plaintiff.

15 (16) This matter is referred to Magistrate Judge Jay R. Irwin pursuant to Local Rules
16 of Civil Procedure 72.1 and 72.2 for further proceedings.

17 DATED this 25th day of October, 2005.

_____
Neil V. Wake
United States District Judge

TERMPSREF

- 7 -